IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

02 AUG 19  PM 2: 35

NORTHERN DISTRICT OF OKLA.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| COMMERCIAL FINANCIAL | ) | Case No. 98-05162-R |
| SERVICES, INC. and | ) | Chapter 11 |
| | ) | |
| CF/SPC NGU, INC., | ) | Case No. 98-05166-R |
| | ) | Chapter 11 Jointly Administered |
| <u>Debtors and Debtors-in Possession.</u> | ) | with Case No. 98-05162-R |
| | ) | |
| COMMERCIAL FINANCIAL SERVICES, | ) | |
| INC., Debtor, and BRADLEY D. SHARP, | ) | |
| Trustee of the CFS Liquidating Trust, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 02-0110-M |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| MIKE C. TEMPLE, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S FIRST AMENDED ANSWER
### <u>TO FIRST AMENDED COMPLAINT</u>

Defendant, Mike C. Temple ("Temple" or "Defendant"), for his answer to the

First Amended Complaint filed July 24, 2002, responding to each numbered paragraph thereof,

states:

1.-3.  These paragraphs state legal conclusions with respect to jurisdiction, venue,

and the nature of the proceeding and therefore require no response.  To the extent a response is

required, Temple denies the allegations in these paragraphs.

4.    Temple does not have sufficient information to admit or deny the

allegations in this paragraph, except Temple admits CFS is an Oklahoma corporation and that it



previously had a business office located at the address indicated.  The remaining allegations are denied.

      5.      Admitted.

      6.      Admitted.

      7.      Temple does not have sufficient information to admit or deny the allegations in this paragraph, except Temple admits that the claim asserted in the Complaint is premised on 11 U.S.C. §§ 544 and 548.  Temple denies the validity of the claim and denies the remaining allegations in this paragraph.

      8.      Temple admits that he was employed by CFS from March 1996 until early July 1998 under the job title "Chief Financial Officer."  Temple denies that he was at any time an officer, director, shareholder or person in control of the business or affairs of CFS.  The remaining allegations are denied.

      9.      Temple admits that he entered into an Employment Agreement with CFS in March of 1996 and that the copy attached to the Complaint as Exhibit A appears to be a copy of such Employment Agreement.  The remaining allegations in this paragraph are denied.

      10.      Temple admits entering into a subsequent Employment Agreement during September of 1996.  The Employment Agreement attached as Exhibit B to the Complaint appears to be a copy of such Employment Agreement.  The remaining allegations in this paragraph are denied.

      11.      The March Employment Agreement speaks for itself as to its terms.  Accordingly, Plaintiffs' characterization of the terms of the agreement are denied to the extent that they are inconsistent with the written terms thereof.

12.     Temple admits that his compensation was increased from $150,000 per year to $500,000 per year during his employment with CFS.  The remaining allegations in paragraph 12 are beyond Temple's current knowledge or information and are therefore denied.

13.     Temple admits that the Termination Agreement was entered into between CFS and Temple.  Such Termination Agreement represents the resolution of various employment issues between Temple and CFS and included non-solicitation and indemnity provisions.  The Termination Agreement attached as Exhibit C to the Complaint appears to be a copy of the agreement executed by Temple.  The remaining allegations in paragraph 13 are denied.

14.     Temple admits that the Termination Agreement contains the provisions generally described in this paragraph.  The remaining allegations in paragraph 14 are denied.

15.     The Termination Agreement and the prior Employment Agreement speak for themselves as to their terms and conditions.  The remaining allegations in paragraph 15 are denied.

16.     Denied.  Temple was entitled to payments made to him under the Termination Agreement as a resolution of various employment issues between Temple and CFS.

17.     The negotiation between Temple and CFS resulting in the execution of the Termination Agreement was between Temple and his counsel and CFS through its president, William R. Bartmann, and CFS' counsel.  The remaining allegations in paragraph 17 are denied.

18.     Denied.

## COUNT I

19.     Temple restates his response to paragraphs 1 through 18 above.

20.     Denied.

21.     Denied.

3

22.   Denied.

23.   Denied.

24.   Denied.

25.   Denied.

26.   Denied.

## COUNT II

27.   Temple restates his responses to paragraphs 1 through 26 above.

28.-33.   Denied.

## COUNT III

34.   Temple restates his allegations in responses to paragraphs 1 through 33 above.

35.-41.   Denied.

## MATTERS CONSTITUTING AVOIDANCE OR AFFIRMATIVE DEFENSES INCLUDING SET-OFF

1.   The Plaintiffs' claims against Temple are barred by the applicable statute of limitations, or by the doctrines of laches, waiver or estoppel.

2.   The original Complaint was filed May 29, 2002, well beyond the applicable statute of limitations.   The time-barred original Complaint cannot be a lifeline to salvage Plaintiffs' late filed claims.

3.   No valid, enforceable tolling agreement was entered into by the parties. No valid tolling agreement was signed, executed and delivered by CFS to Defendant prior to the expiration of the applicable limitation period.

4

4.      Temple has fully performed his obligations under the Termination Agreement and has complied with the terms thereof, including preserving trade secrets and complying with the non-solicitation provisions.

5.      CFS has failed to comply with the terms of the Termination Agreement including without limitation failure to indemnify Temple with respect to threatened or pending civil, criminal, administrative or investigative proceedings and has failed to fund COBRA payments for and on behalf of Temple as agreed.

6.      In addition to indemnity provided in the Termination Agreement, Temple is entitled to indemnity from CFS based on CFS' course of dealing in historically indemnifying employees with respect to threatened or pending proceedings relating to or arising out of an employee's employment with CFS.

7.      Prior to the filing of the Voluntary Petition, CFS had agreed to and was in the process of funding its indemnity obligation to Temple.  CFS reneged on this obligation, leaving Temple exposed to investor claims and defense costs far in excess of the amounts claimed due to Plaintiffs by reason of the alleged fraudulent transfer.

8.      Temple is entitled to set off the indemnity obligation owed by CFS to Temple against any obligation of Temple to Plaintiffs or their assignees or successors.

9.      The payments made to Temple under the Termination Agreement were supported by good and valuable consideration and do not constitute fraudulent transfers or any other type of avoidable transfer.

10.      Payments made to Temple by CFS were made in the ordinary course and scope of CFS' business and are not subject to avoidance under bankruptcy or other applicable law.

5

11.     The Termination Agreement was the results of an arms-length negotiation between Temple and CFS resolving various issues arising during Temple's employment with CFS as Chief Financial Officer.  Both parties to the Termination Agreement were represented by their respective counsel.

12.     At the time of the transfers alleged in the Amended Complaint, CFS was paying its obligations in a timely manner in accordance with general business terms.  CFS did not become insolvent or incur debts beyond its ability to repay, by reason of any transfer to Temple.

13.     The transfer to Temple as alleged in the Complaint was made for reasonable equivalent value.

14.     The claim against Temple has been waived or is otherwise barred by the conduct of CFS acting through its various counsel who have repeatedly indicated to Temple that CFS had no intention of pursuing claims against Temple relating to his severance from employment with CFS.

15.     The Court's jurisdiction was improperly invoked by the filing of a Complaint asserting a time-barred claim.  This Court lacks jurisdiction and the relation back doctrine does not apply, as the claim stated in the original Complaint was time barred.

16.     The allegations in the Amended Complaint are insufficient to state a claim against Temple upon which relief could be granted in law or in equity.

17.     Defendant does not consent to entry of a final judgment in this case by the Bankruptcy Court.

18.    Temple reserves the right to assert such additional and further defenses, set-offs or counterclaims which he may have that become apparent during the course of discovery in this case.

### JURY TRIAL DEMANDED

Temple hereby demands trial by jury on all issues properly before this Court.

WHEREFORE, Temple prays that judgment be entered for Defendant dismissing Plaintiffs' claims with prejudice; that Defendant be awarded his costs and attorney fees herein; and that any liability which Temple is determined to have to Plaintiffs be set off and reduced by Temple's right of set-off as asserted in this Answer.

Terry W. Tippens, Esq. (OBA #9027)
Eric S. Eissenstat (OBA #10282)
John B. Heatly (OBA #4037)
Fellers, Snider, Blankenship,
   Bailey & Tippens, P.C.
100 N. Broadway, Suite 1700
Oklahoma City, OK  73102-8820
Telephone:    (405) 232-0621
Facsimile:    (405) 232-9659

Attorneys for Defendant,
Mike C. Temple

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _16_ day of August, 2002, a true and correct copy of the above and foregoing was mailed by regular U.S. Mail, postage prepaid, to the following:

Larry M. Wolfson
Shaw Gussis Domanskis Fishman
  Glantz & Wolfson LLC
1144 W. Fulton Market St., Suite 200
Chicago, IL  60607

Robert R. Stauffer
Jerry L. Switzer, Jr.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL  60611

Neal Tomlins
Ronald E. Goins
Utica Plaza Building
2100 S. Utica Ave., Suite 300
Tulsa, OK  74114

John B. Heatly

76091:161322 v1

8